**IN THE UNITED STATES DISTRICT COURT**
**FOR SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EBONY ISON, ) | NO.: |
| ) | COMPLAINT |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HOTEL RIU REPUBLICA and ) | |
| RIU HOTEL & RESORTS, ) | |
| ) | |
| Defendants. ) | |

**PRELIMINARY STATEMENT**

1. Ebony Ison always dreamed of taking a vacation at a tropical paradise. In August 2016, she and her friends wanted to gather and celebrate the life of a dear friend of theirs that had recently passed away.

2. Researching the website riu.com, the website contained promotional photographs depicting an attractive hotel in an idyllic setting. Ms. Ison reserved her stay via riu.com at the Riu Hotel Republica in Punta Cana for September 7-11, 2016.

3. Not long after arriving at the Riu Hotel Republica, the tropical paradise that Ms. Ison believed she had paid for turned into a tragic nightmare. On their second day at the hotel, Ms. Ison was served a drink poolside by a hotel employee which almost immediately made her ill and nauseous.

4. Two uniformed hotel male employees escorted Ms. Ison to her room in a wheelchair. Upon arriving at the hotel room, Ms. Ison got up from the wheelchair, opened the door and entered the room.

5. The two hotel employees then forced themselves into the room and began to brutally assault her, repeatedly punching her face, knocking out some teeth, and stripping her

naked. Although these two hotel thugs tried to rape her, Ms. Ison was able to fight them off. They ran away before Ms. Ison's sister and other friends walked in the room and found Ms. Ison bleeding, severely injured and disoriented.

6. Before Ms. Ison boarded the first flight back to the United States the following day (cutting her trip short), Defendants never attempted to investigate the assault committed by its employees or summon the local police, and never offered to compensate her for the injuries and humiliation she suffered.

7. This is an action for breach of implied contract. By registering and paying Defendants to stay at their hotel Riu Hotel Republica, an implied contract was formed in which Defendants agreed to provide her with a safe environment on hotel property, including but not limited to providing alcoholic drinks fit for human consumption, onsite security, supervision of its employees, and emergency medical aid for incidents occurring on hotel property.

8. Defendants failed to perform its implied contractual duties by serving Ms. Ison tainted alcohol, and shortly thereafter, its employees attacking her, causing permanent severe bodily injury, disfigurement, pain, and extreme, ongoing psychological damage.

9. Moreover, when apprised of what happened, Defendants failed to investigate the matter, seek to hold anybody accountable for the assault, exhibit any concern for the anguish she was experiencing from this painful episode, or offer to compensate her for the trauma she suffered.

10. Ms. Ison is entitled to relief in the form of compensatory damages, and an award of attorneys fees and costs from Defendants. By filing this lawsuit, Ms. Ison also wants the public to know what happened to her so that it does not happen to others.

## PARTIES AND JURISDICTION

11. This lawsuit is between Plaintiff, an American citizen and resident of the State of Georgia, and Defendants, Hotel Riu Republica of the Dominican Republic and Riu Hotels & Resorts of Spain.

12. This Court has original jurisdiction in this civil action over the implied breach of contract claim under 28 U.S.C. §1332, with an amount in controversy exceeding $75,000.00, exclusive of interests and costs.

13. Venue is proper in this District because the chain of Riu Hotels & Resorts regularly conducts business in New York County, New York, through its hotels named Riu Plaza Manhattan Times Square Hotel, 145 W. 47th Street, New York, New York, and Hotel Riu Plaza New York Times, 305 W. 48th Street, New York, New York[1], pursuant to CPLR sections 301 and 302. Accordingly, Defendants are subject to the personal jurisdiction of this Court.

---

[1] According to the Defendants' website,

> The international RIU chain was founded in Mallorca by the Riu family in 1953 as a small holiday firm and is still owned by the family's third generation. The company specialises in holiday resorts and over 70% of its establishments offer its acclaimed All Inclusive by RIU service. With the inauguration of its first city hotel in 2010, RIU is expanding its range of products with its own line of city hotels called Riu Plaza. RIU Hotels & Resorts now has 100 hotels in 20 countries. In 2020, the chain welcomed 2,3 million guests and provided jobs for a total of 24,425 employees. RIU is currently the world's 32nd ranked chain, one of the Caribbean's most popular, the third largest in Spain in terms of revenue and the fourth largest in number of rooms.

See https://www.riu.com/en/about/historia/jsp. The Riu Plaza Manhattan Times Square Hotel and Riu Plaza Manhattan Times Square Hotel in New York and the Hotel Riu Republica in the Dominican Republic are three of the hotels listed and promoted at the www.riu.com website.

In a 2020 press release by its Communications Department, Riu Hotels & Resorts stated that "RIU Hotels & Resorts shares information via its own blog, which reinforces its positioning and its internal and external communication and acts as a direct channel for the chain to share everything

14. Plaintiff Ebony Ison has retained the law firms of Grass Law Group, PLLC and the ALGO Law Firm, LLP, to represent her in the prosecution of this lawsuit, and is obligated to pay such attorneys their reasonable fees and expenses.

**GENERAL ALLEGATIONS**

15. From her home in Atlanta, Georgia, Ms. Ison researched her travel to the Dominican Republic through the internet. The website https://www.riu.com contained promotional photographs depicting an attractive hotel in an idyllic setting. Defendants boasted on their webpage of delivering an all-inclusive package, including unlimited food and drinks during the entire stay.

16. Any digital visitor within the United States, while navigating the Riu Hotels & Resorts Website, or subsidiary brand hotel, could view, inquire about, and directly order, reserve, and pay for all hotel or amenity products, or services marketed on and/or otherwise made available through that website.

17. On August 25, 2016, relying on the representations made by Defendants concerning the Hotel Riu Republica, including the representations posted on its website,[2] Ms. Ison reserved

---

relating to the company and its hotels." *See* https://www.riu.com/en/binaris/DossierPrensa2020EN_tcm55-233036.pdf

[2] In the previously cited press release, Riu Hotels & Resorts boasted that its

> chain is defined by its strict commitment to quality, by its offer of outstanding facilities in the best beach and city destinations, by its varied and carefully prepared dining options and by personalised service with a heart. *The staff are what set the chain apart from the competition. They make up RIU's main asset and its greatest source of pride.*

*See* https://www.riu.com/en/binaris/DossierPrensa2020EN_tcm55-233036.pdf (emphasis added).

and paid for a room at the hotel online for a stay from September 7-11, 2016 (reservation ID RNT22SRA).

18. As a registered guest at the hotel, on September 8, 2016, Ms. Ison was poolside with her sister and other friends on the hotel's property when she was served an alcoholic beverage by a hotel employee. This was a drink offered by the employee and not requested by Ms. Ison.

19. Within ten minutes, Ms. Ison reported feeling dizzy and nauseous. Ms. Ison's sister asked hotel employees for help to escort Ms. Ison to their room. Shortly thereafter, two men wearing hotel uniforms came with a wheelchair to transport Ms. Ison to her room.

20. Ms. Ison's sister and other friends advised Ms. Ison that they would join her soon. Because the resort is so large, it took about ten minutes for the two male staff workers to get the wheelchair carrying Ms. Ison to her room.

21. When she arrived at her room, Ms. Ison got up from the wheelchair, opened the door and entered her room. Almost immediately, the two hotel employees forced themselves into the room, pushed Ms. Ison and began to violently assault her.

22. Speaking only Spanish which Ms. Ison did not understand, one of the hotel employees began ripping her one-piece bathing suit off while the other violently and repeatedly struck her in the face with an unknown blunt object.

23. Ms. Ison screamed demands to stop beating her, sexually assaulting her, taking off her clothes and restraining her. From the beating the hotel employees gave her, Ms. Ison lost consciousness.

24. Not long afterwards, Ms. Ison's sister and other friends arrived at the room and shrieked with horror upon seeing how they found Ms. Ison. Ms. Ison lay in a pool of blood, semi-

conscious, naked, stripped of the bathing suit she had been wearing, missing teeth, lips split and swollen, eyes shut.

25. As Ms. Ison's sister called out her name, Ms. Ison began to regain consciousness, but started to fight her sister and friends thinking they were the same people who had assaulted her. Ms. Ison's sister asked her what happened, and she said that those two male hotel employees who brought her to the room "did this", and that they tried to rape her.

26. Ms. Ison's sister immediately took Ms. Ison downstairs to get medical treatment and report the incident. A person who identified himself as a doctor looked at Ms. Ison but only sutured her lip. Defendants provided no further medical treatment and did not assist or advise Ms. Ison where to obtain the medical treatment that the injuries required.

27. Moreover, in response to reporting the assault and the injuries Ms. Ison suffered to the hotel's front desk employees, they failed to summon local police and nobody from the hotel did anything to investigate the assault or offer Ms. Ison any other help. Instead, the hotel charged Ms. Ison's credit card for the full stay she had reserved.

28. Ms. Ison's physical and emotional injuries were significant, and last until today. The Hotel Riu Republica employees knocked out her teeth. Ms. Ison suffered a fractured nose, a lip laceration, eye contusions damage, aggravated abdominal hernia, and injuries to her chest and shoulder. Ms. Ison's face was not recognizable from the blood, swelling, missing teeth, and lip laceration and tearful fearful state.

29. Ms. Ison stayed overnight in her room with her sister and left the next day on a flight back to Atlanta, Georgia. Ms. Ison's sister, who remained at the hotel, tried asking the hotel's front desk personnel to identify the employees that assaulted her sister and they said they did not know, claiming instead that Ms. Ison sustained her injuries from a fall.

30. Ms. Ison's sister, as well as the other persons accompanying Ms. Ison during her stay at the Riu Hotel Republica, are United States citizens and are available to appear in this district.

31. Upon arriving in the United States on September 9, 2016, Ms. Ison required immediate medical assistance and was taken to Piedmont Hospital in Atlanta, Georgia.

32. Ms. Ison is unable to live alone due to the incident at the hotel and unable to care for herself due to severe physical damages and psychological injury.

33. Ms. Ison has had to move in with her sister. Ms. Ison's employment as a movie-set painter and a former customer service representative has been adversely affected. While Ms. Ison tried to return to work, she fell at work caused by the dizziness she suffered at the hands of the two hotel employees and was sent home. She was not able to work for a year and still today continues to have flashbacks from her experience in the Republican Republic.

34. The events at Defendants' hotel not only caused Ms. Ison long-lasting physical trauma and discomfort. Ms. Ison is constantly in a fearful mood, anxious, depressed and suffers from insomnia, flashbacks, nightmares, weight loss, and tearful episodes daily. She rarely goes anywhere and experiences nightmares, flashbacks, and panic attacks and continues under the care of a psychiatrist and psychologist.

35. Ms. Ison is prescribed three different medications. Because of the extent and intensity of the violent assault committed by hotel employees, her injuries, the trauma of her experience, and her subsequent diagnosis of Post-Traumatic Stress Disorder ("PTSD"), Ms. Ison requires long-term therapeutic treatment with licensed mental health professionals and medication management.

**COUNT I – BREACH OF IMPLIED CONTRACT**

36. Ebony Ison re-alleges the allegations contained in paragraphs 1 through 35 of this Complaint.

37. Defendants had an implied contract with Plaintiff Ebony Ison. That implied contract included a covenant of good faith and fair dealing. The implied contract required Defendants to deliver a safe hotel environment that met beverage and safety standards.

38. Defendants had a duty to serve alcoholic drinks to their guests which are fit for human consumption.

39. Defendants also had a duty to protect guests and patrons from reasonably foreseeable criminal attacks. An attack is reasonably foreseeable when the hotel where the attack occurs fails to provide adequate security and safety measures on the premises to deter assaults and identify perpetrators, especially by its employees.

40. Defendants had a duty to provide emergency treatment to guests for injuries caused by their employees.

41. Defendants breached this implied contract and covenant of good faith and fair dealing when Defendants, among other things: (1) served Ms. Ison an alcoholic beverage that was unfit for human consumption; (2) failed to properly supervise its hotel employees or provide adequate security; and (3) failed to provide emergency treatment for the injuries caused by alcohol poisoning and injuries inflicted upon Ms. Ison by the vicious attack by two hotel employees on the hotel's property.

42. As a direct and proximate result of Defendants' breach of the implied contract, Ms. Ison has been severally injured and permanently damaged.

WHEREFORE, Plaintiff Ebony Ison demands judgment against Defendants for compensatory damages, together with interest, costs, attorney fees and costs, and such other relief as may be deemed just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: January _____, 2022.

    */s/ Laurel Grass*
Laurel Grass
GRASS LAW GROUP, PLLC
502 Park Avenue
New York, NY 10022
800-960-9248
laurel@grasslawgroup.com

*/s/ Ignacio M. Alvarez*
Ignacio M. Alvarez, *Pro Hac Vice Pending*
ALGO Law Firm, LLP
815 Ponce De Leon Blvd
Suite 101
Coral Gables, FL 33134
305-723-1876
imalvarez@algofirm.com

*Attorneys for Plaintiff*